IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT DUBOSE, SR.**                                                                 **PETITIONER**

v.                                              CIVIL ACTION NO. 2:21-cv-00099-HSO-RHWR

**SUPERINTENDENT UNKNOWN**
**MCCLURE**                                                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Robert Dubose, Sr. The Petition challenges Dubose's 2008 convictions and sentences. Respondent, Superintendent McClure, has filed a Motion to Dismiss [7], asserting that Dubose's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned concludes that Dubose's Petition is time barred and Respondent's Motion to Dismiss should be granted.

### I. BACKGROUND

In 2008, a jury in the Circuit Court of Jasper County, Mississippi, convicted Dubose of three counts of gratification of lust under Mississippi Code Annotated section 97-5-23(1). Dubose was sentenced to serve ten years for each count, with each sentence to run consecutively for a total of thirty years in the custody of the Mississippi Department of Corrections. [7-1].

Dubose, through counsel, directly appealed his convictions and sentences. The Mississippi Court of Appeals issued a written decision on November 10, 2009,

1

affirming Dubose's convictions and sentences. *See Dubose v. State,* No. 2008-KA-01170-COA, 22 So.3d 340 (Miss. Ct. App. 2009). Dubose, proceeding pro se, requested and received an extension of time until December 8, 2009, to file a motion for rehearing but did not.

Over eleven years later, in April 2021, Dubose signed a pro se "Application for Leave to File Post-Conviction Petition in the Trial Court to Address Violations" and filed it with the Mississippi Supreme Court. [7-3] at 1. The Mississippi Supreme Court denied the motion for postconviction relief as time barred. *Id.* The Mississippi Supreme Court found no merit to Dubose's claim that the indictment was defective and no arguable basis warranting an exception to the procedural bar. *Id.* Dubose unsuccessfully sought reconsideration from the Mississippi Supreme Court on three separate occasions, the last of which the Mississippi Supreme Court denied on August 13, 2021. [7-4] at 1.

This Court received Dubose's § 2254 Petition on July 20, 2021. The Petition provides that Dubose "feels strongly that he was convicted based on a defective indictment and conflicting testimony in the year of 2008[.]" [1] at 1. Respondent asserts that Dubose's Petition must be dismissed because it is barred by the one-year statute of limitations and neither statutory nor equitable tolling applies.

Dubose counterargues that "even though" he filed his Petition "after the time limit has passed," he is entitled to equitable tolling because

> (1) Petitioner diligently pursued his rights and (2) the Mississippi judicial system stood in his way because the Mississippi state courts would not and did not respect established laws and statutes that would have rendered his conviction illegal – such as the defective indictment

under *Holland v. Florida,* 560 U.S.651 (2010); *see also Davis v. Vannoy,* 762 F. App'x 208 (5th Cir. 2019).

[10] at 2.

Dubose argues that he is excepted from the statute of limitations because he is asserting a due process claim affecting a fundamental constitutional right. [10] at 3 (citing *Means v. State,* 43 So. 3d 438 (Miss. 2010)). According to Dubose, "Article 3 – Section 25 of the Mississippi Constitution clearly states that Petitioner is allowed to present his case even though it is after the time limit." *Id.*

## II. DISCUSSION

A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

> > the applicant was prevented from filing by such State action;
> >
> > C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu–Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir.1998).

The AEDPA's one-year statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida,* 560 U.S. 631, 646 (2010). A habeas petitioner is entitled to equitable tolling only if he shows " (1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal citations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d

4

872, 875 (5th Cir. 2006). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991)).

B.  Analysis

Dubose's convictions and sentences became final in December 2009, when his time for seeking further direct review in state court expired. Dubose's § 2254 Petition was due in this Court within one year, or in December 2010, unless statutory or equitable tolling applies.

Dubose is not entitled to statutory tolling because he did not file a motion for postconviction relief in the Mississippi Supreme Court during the AEDPA's one-year limitations period. *See Wion v. Quarterman,* 567 F.3d 146, 148 (5th Cir. 2009) (finding only a "properly filed application for State post-conviction or other collateral relief" will toll limitations) (citing 28 U.S.C. § 2244(d)(2)).

Dubose is not entitled to equitable tolling because he has failed to show that he has been diligently pursuing his rights, and no "rare and exceptional circumstances" prevented him from filing a timely § 2254 petition. *See United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Dubose did nothing to pursue his claims from December 2009 through April 2021. His eleven-year delay cannot be characterized as diligent

pursuit of § 2254 relief. Contrary to his assertion, Mississippi law does except Dubose from the AEDPA's one-year statute of limitations, a federal law. Respondent's Motion to Dismiss [7] the Petition as time barred should be granted

### III. RECOMMENDATION

Respondent's Motion to Dismiss [7] should be granted and Robert Dubose, Sr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

**SIGNED,** this the 17th day of February, 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE