IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT DUBOSE, SR.** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 2:21-cv-99-HSO-RHWR |
| | § | |
| **SUPERINTENDENT UNKNOWN MCCLURE** | § | **RESPONDENT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15] AND GRANTING RESPONDENT'S MOTION [7] TO DISMISS**

BEFORE THE COURT is United States Magistrate Judge Robert H. Walker's Report and Recommendation [15], which recommends granting Respondent Superintendent McClure's Motion [7] to Dismiss and denying Petitioner Robert Dubose, Sr.'s Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus with prejudice. Petitioner has not objected to the Report and Recommendation [15], and the time for doing so has passed.

After due consideration of the Report and Recommendation [15], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [15] should be adopted as the finding of this Court, and that Respondent's Motion [7] to Dismiss should be granted and Petitioner Robert Dubose, Sr.'s claims should be dismissed with prejudice.

## I. BACKGROUND

On March 3, 2008, a jury found Petitioner Robert Dubose, Sr. ("Petitioner" or "Dubose") guilty of three counts of gratification of lust under Mississippi Code § 97-5-23(1), and the Circuit Court of Jasper County, Mississippi, sentenced him to ten years imprisonment for each count to run consecutively, for a total of thirty years. Ex. [7-1] at 1. Dubose appealed, challenging his convictions and sentence, and the Mississippi Court of Appeals affirmed on November 10, 2009. Ex. [7-2]. In April 2021, Petitioner filed an "Application for Leave to file Post-Conviction Petition in the Trial Court to Address Violations" with the Mississippi Supreme Court, which was denied as time barred. Ex. [7-3] at 1.

On July 20, 2021, this Court received Petitioner's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus. He argues that his indictment was defective and that the testimony upon which he was convicted was conflicting. Pet. [1] at 1. Respondent filed a Motion [7] to Dismiss, arguing that Dubose's Petition [1] is time barred. Dubose responds that he is eligible for equitable tolling, because his fundamental rights were implicated by a defective indictment. Resp. [10] at 3.

On February 17, 2022, United States Magistrate Judge Robert H. Walker entered a Report and Recommendation [15] recommending that Respondent's Motion [7] to Dismiss be granted and that Dubose's Petition [1] be dismissed with prejudice, because Dubose is not entitled to equitable tolling. *See* R. & R. [15].

Neither party has filed an objection to the Report and Recommendation [15], and the time for doing so has passed.[1] *See* L.U. Civ. R. 7(b)(4).

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [15] is neither clearly erroneous nor contrary to law. Dubose is not entitled to equitable tolling of the one-year limitations period, and therefore his Petition [1] is time barred.  The Court will adopt the Magistrate Judge's Report and Recommendation [15] as the opinion of this Court. Respondent's Motion [7] to Dismiss should be granted and Dubose's Petition [1] should be dismissed with prejudice.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [15] of United States Magistrate Judge Robert H. Walker entered

---

[1] On February 23, 2022, the Clerk docketed a notice of change of address from Petitioner; however, the address he provided was the address already reflected on the docket at the time that the Report and Recommendation [15] was entered.

3

in this case on February 17, 2022, is **ADOPTED** in its entirety as the finding of this Court.

  **IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Superintendent McClure's Motion [7] to Dismiss is **GRANTED**.

  **IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Robert Dubose, Sr.'s Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

  **SO ORDERED AND ADJUDGED**, this the 30th day of March, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE